UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES E. MARSALA                    CIVIL ACTION

VERSUS                                NUMBER: 06-3846

JERRY L. MAYO, ET AL.                 SECTION: "F"(5)


**REPORT AND RECOMMENDATION**

Pursuant to a referral from the District Judge (rec. doc. 139, pp. 7, 10), presently before the Court is the motion to fix attorneys' fees of defendants, Jay T. Lanners ("Lanners") and Profitable Dining, LLC ("Profitable Dining"), and plaintiff's opposition thereto. (Rec. docs. 146, 151). For the reasons that follow, it will be recommended that the defendants' motion be granted in part.

This litigation arose out of a failed venture of several friends to start a restaurant business. (Rec. docs. 1, 33). An initial settlement conference failed to produce a resolution of this matter. (Rec. doc. 81). In due course, the District Judge granted summary judgment in favor of the defendants on all of plaintiff's fraud claims except one. (Rec. doc. 101). A second

settlement conference was also unavailing. (Rec. doc. 106). Shortly thereafter, plaintiff moved to dismiss his claims against the first-listed defendant, Jerry L. Mayo, without prejudice. (Rec. doc. 107). On December 17, 2007, plaintiff's counsel advised the Court that the case had settled and an order of dismissal was entered on that date which dismissed the matter without prejudice to the parties' right to move to reopen the case, or to seek summary judgment enforcing the compromise, if the settlement was not consummated within a reasonable time. (Rec. doc. 109). The order also provided for the Court's retention of jurisdiction for all purposes, including enforcing the settlement agreement entered into by the parties. (Id.). Plaintiff's motion to dismiss the first-listed defendant was granted the following day. (Rec. doc. 110). Plaintiff and the presently moving defendants subsequently filed a joint motion to dismiss their respective claims with prejudice which was granted on January 23, 2008. (Rec. docs. 111, 112).

On March 26, 2013, some five years and two months later, plaintiff filed a lengthy pro se motion to reopen the case accompanied by a copious amount of exhibits. (Rec. doc. 113). Lanners and Profitable Dining then filed a motion to enroll substitute counsel as well as a motion to continue the hearing date on the motion to reopen and for an extension of time to file an

2

opposition. (Rec. docs. 114, 115). On April 2, 2013, the District Judge dismissed plaintiff's motion to reopen without prejudice to his right to re-file same in accordance with the Local Rules; the defendants' motion to continue and for an extension of time was denied as moot. (Rec. doc. 117). Plaintiff re-filed his abbreviated motion to reopen on April 16, 2013 and his original attorneys were formally allowed to withdraw from the case on April 30, 2013. (Rec. docs. 118, 119, 120). Lanners and Profitable Dining filed their opposition to plaintiff's motion to reopen on May 29, 2013 which they subsequently supplemented with a copy of the earlier settlement agreement between plaintiff and themselves. (Rec. docs. 125, 129, 131). After plaintiff was allowed to file a reply brief, the District Judge denied the motion to reopen on June 12, 2013. (Rec. docs. 136, 137, 138, 139). That adverse ruling was appealed by the plaintiff to the Fifth Circuit Court of Appeals but has since been voluntarily dismissed as to Lanners and Profitable Dining only. (Rec. docs. 141, 149). In the interim, those defendants filed the motion for attorneys' fees that is presently before the Court. (Rec. doc. 146).

The starting point for making a determination of an appropriate amount of attorney's fees is the lodestar calculation which is arrived at by multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate. Hensley v.

Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 (1983).  That
calculation is presumed to yield a reasonable fee but a court can
make upward or downward adjustments to that figure based on the
twelve factors set forth in Johnson v. Georgia Hwy. Express, Inc.,
488 F.2d 714, 717-19 (5th Cir. 1974).  Nevertheless, the lodestar
amount should be modified only in exceptional cases.  City of
Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641
(1992).

By way of their present motion, defendants seek attorneys'/
paralegal's fees in the amount of $17,068.50 and costs in the
amount of $281.45, for a total of $17,349.85,[1]/ in connection with
the successful defense of plaintiff's motion to reopen and the
preparation and filing of the instant motion itself.  In terms of
attorneys' fees, defendants seek to be compensated for 50.8 hours
of work performed by three partner-level attorneys and one
associate-level attorney at hourly rates ranging from $450 to $240.
A paralegal also devoted 2.2 hours to the file but seeks to be
compensated for only .7 hours of that time at an hourly rate of
$135.  Costs are sought for copies, Pacer and Westlaw fees, a

---

[1]/ Out-of-state counsel for the moving defendants estimated
that additional fees in the amount of approximately $850.00 were
incurred during the month of June of 2013.  (Rec. doc. 146-1, p. 4-
5 n.3).  As of today's date, defendants have not supplemented their
motion to include the exact amount of such fees.

4

filing fee, and delivery expenses.

For his part, plaintiff devotes the majority of his opposition to offering as a justification for the filing of his motion to reopen his belief that he was simply reporting a litany of unlawful conduct on the part of the defendants as he was required to do under 18 U.S.C. §4. His intention, he contends, was not to reopen the case against the Lanners interests but to correct alleged errors in the District Judge's opinion granting summary judgment in the defendants' favor. Plaintiff also argues that the amount of fees sought by defendants is excessive in that it breaks down to over $2,000.00 for each page of the defendants' opposition to his motion to reopen, or approximately $10.00 per each typed word, and that four lawyers were used to oppose the motion when one or two would have been sufficient. Plaintiff does acknowledge, however, that only the issue of quantum is before the Court.

As noted above, the first step in determining reasonable attorney's fees is an evaluation of whether the total hours claimed were reasonable and whether those hours were reasonably expended. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324-25 (5th Cir.), cert. denied, 516 U.S. 862, 116 S.Ct. 173 (1995). In awarding an appropriate attorney fee, a court should reduce the number of hours submitted in the fee application if the claimed time is "excessive, redundant, or otherwise unnecessary." Hensley,

461 U.S. at 434, 103 S.Ct. at 1939-40.

Having reviewed the contemporaneous billing records appended to the defendants' motion, the Court has determined that a number of entries fall into the category of unnecessary, excessive, or redundant and should be eliminated, as follows.  On January 17, 2013, one of the defendants' out-of-state attorneys devoted 5.5 hours to drafting an unidentified brief and that attorney's paralegal spent .5 hours in conducting a PACER search.  (Rec. doc. 146-2, p. 7).  As plaintiff's initial motion to reopen was not filed until over two months later on March 26, 2013, it does not appear that the time expended on January 17, 2013 was necessary in responding to that motion.  Accordingly, that time should be disallowed.

Next is the issue excessiveness/duplicativeness which arises by virtue of multiple attorneys performing work on the same dates. On April 1, 2013, for example, one of defendant's out-of-state attorneys, his paralegal, and the defendants' two local attorneys spent a totality of 8.2 hours reviewing and discussing plaintiff's motion to reopen, seeking a continuance of the hearing on the motion, enrolling additional counsel on the defendants' behalf, and related tasks.  (Rec. docs. 146-2, p. 9; 146-3, p. 6).  Both of the defendants' out-of-state, partner-level attorneys performed work on the case on the same dates a number of times in April and May of

6

2013 as did defendants' local partner and associate-level attorneys in April, May, and June of 2013. (Rec. docs. 146-2, pp. 9-10; 146-3, pp. 6-7, 12-13, 19-21). Indeed, on a number of occasions in April and May, three or sometimes all four of the defendants' attorneys devoted varying amounts of time to the file on the same dates. (Rec. docs. 146-2, pp. 9-10; 146-3, pp. 6-7, 12-13).

While the defendants are free to utilize the services of however many attorneys they desire, and recognizing that some degree of multiple attorney involvement is prudent to provide "back up" if primary counsel becomes indisposed and that a certain amount of oversight over the associate's work activities is necessary, the Court questions whether such a combined effort was required to prepare a seven-page opposition to a largely belated, pro se Rule 60 motion that has been characterized as "scattered". (Rec. doc. 139, p. 3, n. 3). Given the difficulty that the Court faces in prioritizing the importance of the tasks that counsel undertook, the Court opts to reduce by one-third the time entries of all four of the defendants' attorneys. It will thus be recommended that Mr. Vance be compensated for 6.0 hours of work, that Mr. Knapp be compensated for 3.0 hours of work, that Mr. Hawkins be compensated for 10.0 hours of work, and that Mr. Ashley be compensated for 11.1 hours of work. With the elimination of the work that was performed on January 17, 2013, defendants' paralegal is entitled to be

7

compensated for the 0.2 hours of work that was done on April 1, 2013.

The second step in arriving at a lodestar figure is determining a reasonable hourly rate. "To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." Louisiana Power & Light Co., 50 F.3d at 327-28 (citing H.J., Inc. v. Flyqt Corp., 925 F.2d 257, 260 (8th Cir. 1991)). "The relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits. Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir.), cert. denied, 537 U.S. 883, 123 S.Ct. 105 (2002)(quotation and citation omitted). "The burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 1547 n.11 (1984). The actual amount paid in fees is not dispositive of the question of a reasonable rate. Id. at 895-96, 104 S.Ct. at 1547.

Attached to the defendants' motion are affidavits from two of their partner-level attorneys in which they attest to their skill

and competence and to the correctness of the invoices that were generated in this matter.  While counsel also attest to their knowledge of and experience with legal fees, that was not limited to the New Orleans area but instead embraced the "Southeast market" as a whole.  No affidavits from other practitioners within the New Orleans area have been submitted.  The Court is not without some guidance, however, as two of the three cases cited by the defendants speak directly to the issue.  In Johnson v. Big Lots Stores, Inc., 639 F.Supp.2d 696, 701-02 (E.D. La. 2009), hourly billing rates of $300 for partners, $225 for associates, and $75 for paralegals were found to be reasonable in a case brought under the Fair Labor Standards Act.  In Hornbeck Offshore Services, L.L.C. v. Salazar, No. 10-CV-1663, 2011 WL 2214765 at *8-9 (E.D. La. June 1, 2011), adopted in part, revised in part, 2011 WL 2516907 (E.D. La. June 23, 2011), rev'd on other grounds, 713 F.3d 787 (5th Cir. 2013), the Court found that hourly rates of $295 to $420 for partners and $180 to $195 for associates from the same local firm that represents the defendants herein, while at the high end of rates in the New Orleans legal market, were reasonable given the national significance of the case, the extreme time constraints imposed by rapidly evolving events, and the high degree of skill and experience that was needed.

    In contrast to the situation presented in Hornbeck, the work

9

for which compensation is sought involved the defense of a largely belated Rule 60 motion filed by a <u>pro</u> <u>se</u> plaintiff that was successfully defeated in an opposition memorandum that was less than seven pages in length.   All of these factors having been considered, it will be recommended that the hourly rates of Messrs. Vance and Knapp be reduced to $350, that the hourly rate of Mr. Hawkins remain at $325, and that the hourly rate of Ms. Ashley be reduced to $225.   The hourly rate of the paralegal utilized by the defendants will also be reduced to $125.

Finally, turning to the matter of costs, defendants seek a total of $281.45, all of which appears to be appropriate except for the $84.72 expended in computerized legal research.   <u>See</u> <u>Ill. Central Railroad Co. v. Harried</u>, No. 06-CV-0160, 2011 WL 283925 at *6 (S.D. Miss. Jan. 25, 2011); <u>Honestech, Inc. v. Sonic Solutions</u>, 725 F.Supp.2d 573, 581-82 n.3 (W.D. Tex. 2010), <u>aff'd</u>, 430 Fed.Appx.359 (5th Cir. 2011)(and cases cited therein); <u>Lewis v. Hurst Orthodontics, PA</u>, 292 F.Supp.2d 908, 914 n.11 (W.D. Tex. 2003).   Accordingly, it will be recommended that the defendants be awarded costs in the amount of $196.73.

### <u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that defendants' motion be granted and that they be awarded attorneys'/paralegal's fees in the amount of $8,922.50 and costs in the amount of $196.73,

for a total of $9,119.23.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>8th</u> day of <u>November</u>, 201_.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

11